UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

David T. Veale,                    :
        Plaintiff,                 :
                                   :
    v.                             :   File No. 1:05-CV-104
                                   :
United States of America           :
        Defendant.                 :

OPINION AND ORDER
(Papers 4, 15 and 20)

Plaintiff David Veale has petitioned the Court for a writ
of mandamus pursuant to 28 U.S.C. § 1361.  In his petition,
Veale asks the Court to issue a writ compelling the Justice
Department to investigate and prosecute officials in the State
of New Hampshire for allegedly conspiring against him.  Veale
also wants the Justice Department to enjoin a proceeding
currently pending against him in New Hampshire state court.
Veale further asks the Court to compel the United States
District Court for the District of New Hampshire to re-open
and reconsider his civil rights claims.[1]

The government has filed a motion to dismiss pursuant to
Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  In support of its
motion, the government argues that it is protected by
sovereign immunity and that Veale has failed to state a claim
under the mandamus statute.  Veale opposes the motion to

_____

[1]  Those claims were dismissed in 1999 with prejudice.
See Veale v. United States et al., 1999 WL 814334, at *5
(D.N.H. Sept. 1, 1999).

dismiss, and has moved to amend his complaint to add new claims and parties.  The government contends that Veale's motion to amend should be denied as futile.  For the reasons set forth below, the government's motion to dismiss is GRANTED, Veale's petition for a writ of mandamus is DENIED, his motion to amend is also DENIED, and this case is DISMISSED.

<u>Factual Background</u>

Until his recent move to Vermont, Veale was a longtime resident of the State of New Hampshire.  His complaint alleges that over the last 25 years, New Hampshire state and local officials have "harassed, violated, and wrongfully, and unlawfully deprived [him] of his personal property, registered motor vehicles, wood businesses, mobile home(s) and real property right(s) . . . ."  (Paper 4-1 at 1).  For example, in 1986, Veale was allegedly jailed for five days after state and local authorities "conspired to find plaintiff in contempt of court for requesting a continuance to obtain counsel . . . ."  <u>Id.</u> at 2.  In 1998, state and local authorities allegedly tried to kill him "when they staged and caused Plaintiff to crash his motor vehicle by sliding sideways and backwards on a half mile strip of man-made black ice . . . ."  <u>Id.</u>  Veale contends that these events were part of a conspiracy to "manipulate and delay" his legal claims to his properties and

2

to "fraudulently conceal any claims plaintiff may have had."
<u>Id.</u>[2]

During this same time period, Veale allegedly brought
civil rights cases in state and federal courts.  Due to
alleged wrongdoing by "state superior and supreme courts, and
U.S. Federal Bankruptcy and District Courts for N.H., and
Justice Departments involved" these efforts were unsuccessful,
and Veale was ultimately barred from bringing any further
cases in either state or federal court in New Hampshire.  <u>Id.</u>
at 3.  Veale has also tried to enlist the assistance of the
United States Department of Justice "to investigate and
prosecute the various local, state and federal authorities
involved . . . in furtherance of this conspiracy to deprive
Plaintiff of his various properties in New Hampshire."  The
Justice Department, however, has declined to either
investigate or prosecute Veale's claims.

Veale now seeks a writ of mandamus commanding the Justice
Department "to perform its' [sic] duties and responsibilities

---

[2]   Judge McAuliffe of the U.S. District Court for the
District of New Hampshire wrote in his 1999 opinion that David
Veale and his brother, Scott Veale, had "initiated or been
party to some 89 separate cases in state and federal court
from 1982 through [November, 1998].  Virtually all of these
cases concern, or arise from, or are said to relate to [the
Veales'] unswerving belief that a vast and all-encompassing
conspiracy exists, singularly devoted to depriving them of
their rights to property . . . and visiting upon them every
conceivable type of legal injury to punish them for pursuing
those claimed property rights."  <u>Veale</u>, 1999 WL 814334, at *1.

owed to the Plaintiff . . . and investigate and prosecute the numerous defendants responsible for violating plaintiffs' [sic] federally protected constitutional rights over the past 20 years." Id. at 4.  Veale also wants the Justice Department to "enjoin all pending court proceedings in the Hillsborough County Superior Court in Manchester, N.H. now unlawfully pending against the plaintiff." Id.  With respect to the actions taken by the New Hampshire federal court, Veale seeks a writ compelling the court to re-open and re-assign his "prior civil rights cases to an impartial judge or court," and to explain its ruling with respect to the due process allegedly afforded him in state court.  Finally, Veale asks the Court to find that the Justice Department and the New Hampshire federal court have failed to uphold his constitutional rights.

Veale brought his initial complaint pursuant to the federal mandamus statute, 28 U.S.C. § 1361, and named only the United States in the caption.  The text of the complaint, however, named the Justice Department and the New Hampshire federal court.  In his amended complaint, Veale seeks to add claims under the Administrative Procedures Act ("APA") and the Federal Tort Claims Act ("FTCA").  He also names the Federal Bureau of Investigation and several federal officials, including Attorney General Alberto Gonzalez, as defendants being sued in their officials capacities.

4

<u>Discussion</u>

I.  <u>Motion to Dismiss Standard</u>

As noted above, the government has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  On a motion to dismiss, "a court has to consider the legal sufficiency of the claim as stated in the complaint and is not to weigh facts underlying the claim or the merits of the case."  <u>Esden v. Bank of Boston</u>, 5 F. Supp. 2d 214, 216 (D. Vt. 1998) (citing <u>Goldman v. Belden</u>, 754 F.2d 1059, 1067 (2d Cir. 1985)).  When a motion to dismiss is filed pursuant to Fed. R. Civ. P. 12(b)(6), the court must assume all well-pleaded factual allegations to be true and draw reasonable inferences in the light most favorable to the plaintiff.  <u>See</u> <u>Shakur v. Selsky</u>, 391 F.3d 106, 112 (2d Cir. 2004); <u>Bernheim v. Litt</u>, 79 F.3d 318, 321 (2d Cir. 1996). Dismissal is impermissible unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Flores v. S. Peru Copper Corp.</u>, 343 F.3d 140, 148 (2d Cir. 2003) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

Similar to a motion for failure to state a claim under Rule 12(b)(6), when a court reviews a motion for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) it accepts as true all material factual allegations in the complaint.  <u>Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l,</u>

Ltd., 968 F.2d 196, 198 (2d Cir. 1992) (internal citations
omitted).  The plaintiff bears the burden of proving by a
preponderance of the evidence that subject matter jurisdiction
exists, and "a district court may properly dismiss a case for
lack of subject matter jurisdiction under Rule 12(b)(1) if it
'lacks the statutory or constitutional power to adjudicate
it.'" Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d
635, 638 (2d Cir. 2005) (quoting Makarova v. United States,
201 F.3d 110, 113 (2d Cir. 2000)).  In contrast to a 12(b)(6)
motion for failure to state a claim, when deciding a 12(b)(1)
motion for dismissal based on lack of subject matter
jurisdiction, the court should not draw "argumentative
inferences" in favor of the party asserting jurisdiction.  See
Atlantic Mut. Ins. Co., 968 F.2d at 198 (internal citations
omitted).

II.  Sovereign Immunity

     The government's first argument is that Veale has failed
to show a waiver of sovereign immunity.  "In any suit in which
the United States is a defendant, there must be a cause of
action, subject matter jurisdiction, and a waiver of sovereign
immunity." Presidential Gardens Assocs. v. United States ex
rel. Sec'y of Hous. & Urban Dev., 175 F.3d 132, 139 (2d Cir.
1999).  This is so because the United States is immune from
suit except "as it consents to be sued." United States v.
Mitchell, 445 U.S. 535, 538 (1980).  Congress can waive the

government's sovereign immunity only through clear and unequivocal statutory language.  See Lane v. Pena, 518 U.S. 187, 192 (1996).  These rules hold true with respect to federal officials sued in their official capacities, since "[a]n action against a federal agency or federal officers in their official capacities is essentially a suit against the United States."  Mitchell, 445 U.S. at 538.

Courts have held that the federal mandamus statute, 28 U.S.C. § 1361, does not by itself operate as a waiver of sovereign immunity.  See Doe v. Civiletti, 635 F.2d 88, 94 (2d Cir. 1980); Washington Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 901 (D.C. Cir. 1996) ("It is well settled that this statute does not by itself waive sovereign immunity.") (citing cases); Coggeshall Dev. Corp. v. Diamond, 884 F.2d 1, 3 (1st Cir. 1989) ("The provisions of 28 U.S.C. § 1361 creating the federal mandamus action do not constitute a waiver of sovereign immunity by the United States.").  "If a plaintiff seeks a writ of mandamus to force a public official to perform a duty imposed upon him in his official capacity, however, no separate waiver of sovereign immunity is needed." Washington Legal Found., 89 F.3d at 901.[3]  Accordingly, in

_____

[3]  A court may also find a waiver of sovereign immunity when a federal official is acting beyond the powers afforded to him by statute.  See Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 689 (1949).  No such claim is made here.

order to fall within this exception to sovereign immunity, a plaintiff must demonstrate that the United States owed him a duty, which the defendant official failed to perform.

The United States Attorney is empowered by statute with the duty to "prosecute for all offenses against the United States."  28 U.S.C. § 547(1).  This statute, however, does not mandate that every citizen complaint result in an investigation and/or prosecution.  "This Court has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."  Heckler v. Chaney, 470 U.S. 821, 831 (1985).  Consequently, none of the defendants, including those named in Veale's amended complaint, had an absolute duty to either investigate or prosecute Veale's claims.  See 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3655 (2d ed. 1985) (prerequisite that a duty be owed to the plaintiff has been read narrowly to require that the officer or employee of the United States owe a "ministerial duty that [is] compelled by law."). "Discretionary activities belong to a class of conduct of government officials in which the Congress has expressed an intention not to waive sovereign immunity."  Carelli v. Internal Revenue Serv., 668 F.2d 902, 904 (6th Cir. 1982).

This same analysis applies with respect to the APA claims proposed in the amended complaint.  Title 5, U.S.C. § 702 provides that an action for an injunction brought by "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . shall not be dismissed . . . on the ground that it is against the United States."  The Second Circuit has held, however, that the APA "explicitly precludes any such review [where] . . . agency action [at issue] is committed to agency discretion by law." Riverkeeper, Inc. v. Collins, 359 F.3d 156, 164 (2d Cir. 2004) (quoting 5 U.S.C. § 701(a)(2)).  Specifically, an agency's decision not to adopt a particular course of enforcement action is presumed to be exempted from judicial review, unless a plaintiff makes a showing that "the substantive statute contains guidelines for the agency to follow in exercising its enforcement powers." Id. at 165 (quoting Chaney, 470 U.S. at 833).  Veale has cited no such statutory guidelines here.

Finally, although Veale asserts in his objection to the motion to dismiss that his FTCA allegations avoid the sovereign immunity bar, the initial and amended complaints are void of any such allegations.  In any event, if Veale is presenting claims under the FTCA, those claims are barred for the reasons set forth in this Court's dismissal of Veale's

companion case, <u>Veale v. United States of America Dep't of Justice et al.,</u> File No. 1:05-CV-105.[4]

III.  <u>Mandamus Relief</u>

Assuming, *arguendo*, that Veale's claims are not barred by sovereign immunity, they must still be dismissed for failure to state a claim.  Title 28, § 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  "Section 1361 'is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'"  <u>Franchi v. Manbeck</u>, 972 F.2d 1283, 1289 (Fed. Cir. 1992) (quoting <u>Heckler v. Ringer</u>, 466 U.S. 602, 616 (1984)).  "For there to be a 'duty owed to the plaintiff' within the meaning of § 1361, there must be a mandatory or ministerial obligation.  If the alleged duty is discretionary or directory, the duty is not 'owed.'"  <u>Ryon v. O'Neill</u>, 894 F.2d 199, 205 (6th Cir. 1990) (citation and

---

[4]  In his opposition to the motion to dismiss, Veale appears to incorporate the FTCA claims alleged in his companion case into this mandamus action.  (Paper 19 at 7). The Court dismissed Veale's FTCA claims, in part, because the New Hampshire federal court previously held that "plaintiffs simply have no cognizable or enforceable right to an investigation or prosecution of others."  <u>Veale</u>, 1999 WL 814334, at *3 (citations omitted).

internal quotation omitted); see Wilbur v. United States, 281 U.S. 206, 218 (1930).

As set forth above, it is well established that a decision not to prosecute or enforce the law is discretionary. See Chaney, 470 U.S. at 831.  Accordingly, courts have generally held that § 1361 may not be used to compel either investigations or prosecutions.  See Inmates of Attica v. Rockefeller, 477 F.2d 375 (2d Cir. 1973); Peek v. Mitchell, 419 F.2d 575 (6th Cir. 1970); Moses v. Kennedy, 219 F. Supp. 762 (D.C. Cir. 1963).  As the Sixth Circuit explained in Peek, mandamus is not proper to compel the Attorney General or the United States Attorney to prosecute known civil rights violators, to alter the scope of their investigations, or to conduct particular investigations.  419 F.2d at 577. Consequently, "the judicial control sought by the plaintiff[] . . . is beyond the power of this court."  Id.

Veale's request for a writ of mandamus compelling action by the New Hampshire federal court is equally meritless. First, a district court "lacks authority to issue a writ of mandamus to another district court."  Mullis v. U.S. Bankr. Ct. For the Dist. Of Nevada, 828 F.2d 1385, 1393 (9th Cir. 1987) (citing Lewis v. Green, 629 F. Supp. 546, 553 (D.D.C. 1986); cf. Platt v. Minnesota Mining & Mfg. Co., 376 U.S. 240, 245 (1964) (writ of mandamus may be used to "confine an inferior court to a lawful exercise of its prescribed

jurisdiction"). Second, and despite Veale's claims that the New Hampshire federal court's actions constituted an unlawful "usurpation of power," his attack appears to focus on a due process issue that was clearly within the discretion of the court. Mandamus is not the proper mechanism for challenging legal error. See Caribbean Trading & Fidelity Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991). Veale's petition for a writ of mandamus must, therefore, be DISMISSED.

### Conclusion

For the reasons set forth above, the government's motion to dismiss (Paper 15) is GRANTED, and Veale's motion to amend (Paper 20) is DENIED. Veale's petition of a writ of mandamus (Paper 4) is DENIED, and this case is DISMISSED.

It is further ORDERED that Veale must request leave of the Court before filing any further complaints in this Court.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 10th day of March, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge